CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
For Roanoke
JUN 05 2007
JOHN F. CORCORAN, CLERK
BY: W. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VISTON SHYROCK MARTIN, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00067 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN, KEEN MOUNTAIN ) | |
| CORRECTIONAL CENTER, ) | By: Jackson L. Kiser |
| Respondent. ) | Senior U.S. District Judge |

Petitioner Viston Shyrock Martin, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Martin challenges the validity of his conviction in the Circuit Court for the City of Danville. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On November 21, 2003, Martin was convicted of first-degree murder and subsequently sentenced to life imprisonment. Martin appealed his conviction to the Court of Appeals of Virginia on two grounds.[1] On September 1, 2004, his appeal was denied as the Court of Appeals found no error by the trial court. That decision was adopted by a three-judge panel of the Court of Appeals on December 28, 2004. Martin next filed a petition for appeal in the Supreme Court of Virginia citing the same two grounds. The court found no reversible error and, on May 17, 2005, the petition for appeal was refused. Martin filed a petition for a writ of certiorari to the United States Supreme Court on August 15, 2005, but that petition was also denied on October 11, 2005.

---

[1] His first claim on appeal was that the evidence at trial was insufficient to prove his guilt. His second claim was that there was not adequate inquiry into a potential conflict of interest presented by the fact that one of the Commonwealth's key witnesses was a client of defense counsel on an unrelated matter.

On January 27, 2006, Martin filed a petition for writ of habeas corpus in the Supreme Court of Virginia in which he raised the following claims:

1. Martin's trial attorney was ineffective for failing to impeach Commonwealth's witness Raven Martin.

2. Martin's trial attorney was ineffective for failing to impeach Commonwealth's witness Johnny "Jody" Cabell.

3. Martin's trial attorney was ineffective for failing to impeach the testimony of the medical examiner, Dr. Wanger.

4. Martin's trial attorney was ineffective for failing to impeach the testimony of Commonwealth's witness Teneshia Smith.

5. Martin's trial attorney was ineffective for failing to preserve the element of premeditation for argument at trial and on appeal.

6. The prosecution made knowing use of perjured testimony.

7. Martin was deprived of his right to secure counsel of his own choice during line-up proceedings.

8. Martin was convicted upon insufficient evidence.

9. The prosecution engaged in misconduct.

10. Martin's trial attorney was ineffective for failing to object to statements by the prosecutor.

11. The prosecutor engaged in misconduct during the sentencing phase prejudicing Martin and preventing him from receiving a fair sentence from the court within the sentencing guidelines.

On July 3, 2006, the Supreme Court of Virginia granted respondent's motion to dismiss. The court found that claims (1), (2), (3), (4), (5), and (10) satisfied neither prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), and accordingly dismissed these claims. Next, the court next found claim (8) to be barred because the issue was raised and decided

in the trial court and on direct appeal, citing Henry v. Warden, 265 Va. 246, 249 (2001). Finally, the court held that claims (6), (7), (9), and (11) were procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 29 (1974).[2]

Martin timely filed the instant petition on February 9, 2007. The petition consists of ten claims, all previously raised in the Supreme Court of Virginia.[3] Respondent moved to dismiss Martin's petition on April 11, 2007, arguing that this court should give deference to the state court decisions on the claims of ineffective assistance and insufficiency of the evidence, and that the remaining four claims have been procedurally defaulted. Martin responded on May 1, 2007, and the petition is therefore ripe for review.

## ANALYSIS

### I. STANDARDS OF REVIEW

A court may not grant relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). The Supreme Court of Virginia addressed Martin's claims of ineffective assistance on the merits and dismissed them, finding that all claims failed to meet both the

---

[2]Slayton holds that a prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction. When the issue could have been raised and adjudicated at trial and on direct appeal, the prisoner will has no standing to attack his final judgment of conviction by habeas corpus.

[3]Claim (10) of his petition in the Supreme Court of Virginia was not duplicated in the instant petition. Claim (10) of the instant petition is identical to claim (11) of the state habeas petition. All other claims are worded and numbered exactly the same.

3

"performance" and "prejudice" prongs of the two-part <u>Strickland</u> test.[4]

Next, the Supreme Court of Virginia dismissed Martin's claims of prosecutorial misconduct and deprivation of his right to secure counsel prior to line-up proceedings, finding that Martin procedurally defaulted them, under <u>Slayton</u>, by not raising them at trial or on direct appeal. The rule from <u>Slayton</u> constitutes an independent and adequate state procedural rule for the purposes of federal habeas procedural default analysis. <u>Fisher v. Angelone</u>, 163 F.3d 835, 844 (4th Cir. 1998). Since there is an independent and adequate state procedural rule, federal habeas review of Martin's claims is barred unless he can show that there is cause for, and actual prejudice from, the default or that the failure to review the claim would result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 749-50 (1991); <u>see also</u> <u>Teague v. Lane</u>, 489 U.S. 288 (1988); <u>Fisher</u>, 163 F.3d at 844-45.

Finally, the Supreme Court of Virginia dismissed Martin's claim that he was convicted with insufficient evidence, finding that it was barred under <u>Henry v. Warden</u>, 265 Va. 246 (2003), because the issue was raised and decided both in the trial court and on direct appeal. Because the state appellate courts adjudicated this issue on the merits on direct appeal, this court may not grant relief unless that adjudication resulted in a decision that was contrary to clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-(2); <u>see</u> <u>Williams</u>, 529 U.S. at 376-77.

II. <u>CLAIMS (1), (2), (3), (4), and (5)</u>

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must

---

[4]The Supreme Court of Virginia addressed six claims of ineffective assistance on the merits, but only claims (1), (2), (3), (4), and (5) were duplicated in the instant petition.

4

show both that counsel's performance fell below an objective standard of reasonableness and also that there is a reasonable probability that, but for counsel's alleged deficient performance, the outcome of his case would have been different. Strickland, 466 U.S. at 694.

In his first claim, Martin contends that trial counsel was ineffective in failing to impeach Commonwealth's witness Raven Martin ("Raven"). Martin claims that counsel was aware of three occasions on which Raven lied to the police, but failed to impeach Raven with his prior inconsistent statements. In adjudicating claim (1), the Supreme Court of Virginia examined the trial transcript and an affidavit of Martin's trial counsel which explained his tactical decisions. The court found that Martin's trial counsel had cross-examined Raven as to his cocaine use, his criminal record, the fact that he was awaiting sentencing at the time he testified at Martin's trial, and other prior inconsistent statements.

In his second claim, Martin contends that trial counsel was ineffective in failing to impeach Commonwealth's witness Johnny "Jody" Cabell. Martin claims that trial counsel failed to call two subpoenaed witnesses, whose testimony would have allegedly contradicted that of Cabell. In adjudicating claim (2), the Supreme Court of Virginia examined the trial transcript and an affidavit of Martin's trial counsel which explained his tactical decisions not to call the witnesses.[5] The court found that trial counsel had determined that neither potential witness' testimony would have impeached Cabell's testimony or otherwise assisted in Martin's defense.

In his third claim, Martin contends that trial counsel was ineffective in failing to impeach the testimony of the medical examiner, Dr. Wanger. Martin claims that trial counsel failed to call an

---

[5]One of the potential witnesses, Kiasha Chandler, was actually subpoenaed by the Commonwealth to testify against Martin.

5

Case 7:07-cv-00067-JLK-mfu   Document 13   Filed 06/05/07   Page 5 of 11   Pageid#: 342

expert on behalf of the defense. This witness allegedly would have determined that the victim's final wound was a stab to the heart, which would have "proved that the eyewitness, Teneisha Smith, did not see what she thought she saw because it is medically impossible" for the victim to have survived as long as he did.[6] In adjudicating claim (3), the Supreme Court of Virginia found that Martin failed to identify any expert who held the alleged opinion or articulate with specificity what any purported testimony would prove.

In his fourth claim, Martin contends that trial counsel was ineffective in failing to impeach Commonwealth's witness Teneisha Smith, the eye-witness who identified Martin as the killer. Martin claims that trial counsel failed to properly argue the factors for evaluating the likelihood of misidentification set forth in Neil v. Biggers, 409 U.S. 188 (1972). In adjudicating claim (3), the Supreme Court of Virginia examined the trial transcript and the affidavit of trial counsel and found that trial counsel cross-examined Smith as to the poor lighting conditions under which she saw the killer, the suddenness of the events, the angle from which she viewed the killer, and the fact that the other two women in Smith's car could not identify the killer. Martin merely points to trial counsel's affidavit from the state court proceedings which sets forth the above cross-examination strategy. Martin asserts that because counsel not only did not refer to Biggers by name but also did not take the precise wording of the Biggers factors in the same identical order, that Biggers was clearly not in his mind and, therefore, his performance was deficient.

In his fifth claim, Martin contends that trial counsel was ineffective in failing to preserve the element of premeditation for argument at trial and on appeal. In adjudicating claim (5), the Virginia

---

[6]Martin's conclusion of "medically impossible" seems from the record to be his own opinion, unsupported by any expert in forensic pathology.

Supreme Court focused on the trial transcript and the affidavit of counsel. The Virginia Supreme Court found that, in light of the convincing and extensive evidence of premeditation, trial counsel's strategy to attack the Commonwealth's case by casting doubt on the identity of the murderer was sound. Furthermore, the Supreme Court of Virginia found that any attempt to attack the degree of homicide would "almost certainly have been unsuccessful."

The Supreme Court of Virginia held, as to all five claims, that Martin did not meet his burden of demonstrating that his trial counsel was deficient, nor that there was a reasonable probability that, but for counsel's alleged error, the outcome of the proceeding would have been different. As such, the Supreme Court of Virginia found that claims (1), (2), (3), (4), and (5) failed to satisfy either prong of the two-part Strickland test and must therefore be dismissed.

I find that the Supreme Court of Virginia reasonably applied clearly established federal law and that its decision was not based upon an unreasonable determination of the facts. Accordingly, claims (1), (2), (3), (4), and (5) must be dismissed.

### III. CLAIMS (6), (7), (9), and (10)

In his sixth claim, Martin contends that the prosecution made knowing use of perjured testimony at his trial. In his seventh claim, Martin alleges that he was denied his Fifth and Sixth Amendment rights to counsel when he was not allowed to secure an attorney before a suspect lineup at the jail. In his ninth claim, Martin alleges that the prosecutor engaged in misconduct by mischaracterizing trial testimony in response to Martin's motion to strike. In his tenth claim, Martin contends that the prosecution engaged in misconduct during the sentencing phase by knowingly misstating facts and evidence during his closing argument. The Supreme Court of Virginia dismissed claims (6), (7), (9), and (10) under Slayton v. Parrigan, 215 Va. 27, 29 (1974), holding that Martin

had procedurally defaulted them by not raising them at trial or on direct appeal.

Federal habeas review of Martin's claims is barred unless he can show that there is cause for, and actual prejudice from, the default or that the failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); see also Teague v. Lane, 489 U.S. 288 (1988); Fisher, 163 F.3d at 844-45. As Martin makes no assertion or allegation to excuse his default on claims (6), (7), (9), and (10), I find that Martin has not demonstrated cause. Martin does, however, allege that failure to consider his claims will result in a fundamental miscarriage of justice. A fundamental miscarriage of justice is the functional equivalent of "actual innocence." See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Weeks v. Angelone, 176 F.3d 249, 269 n. 11 (4th Cir. 1999). In order to demonstrate actual innocence, Martin must show that, if new reliable evidence were introduced, it is more likely than not that no reasonable juror would convict him. Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). Martin does not assert in his petition that he is actually innocent nor does he present any new evidence that would tend to suggest his innocence. The "evidence" that Martin relies on in his petition are allegations that certain testimony at trial was false. These allegations are supported only by Martin's own characterization of allegedly inconsistent statements by witnesses that were used at trial; however, the credibility of such statements was weighed and considered at the time of trial as well. I find that Martin presents no new reliable evidence to demonstrate "actual innocence" so as to excuse his procedural defaults.

Since Martin has demonstrated neither cause for his defaults nor actual innocence, I find claims (6), (7), (9), and (10) to be procedurally defaulted. Accordingly, claims (6), (7), (9), and (10) must be dismissed.

8

## IV.	CLAIM (8)

In his eighth claim, Martin contends that he was found guilty upon insufficient evidence. The Supreme Court of Virginia held that the claim was barred because the same claim was raised and decided in the trial court and on direct appeal.

A federal court may not grant relief on any claim the state court has adjudicated on the merits unless that adjudication resulted in a decision that was contrary to clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). Clearly established federal law controlling the review of a conviction based on sufficiency of evidence states that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

Martin alleges that there was insufficient evidence to convict him of first degree murder. He claims that the Commonwealth's witnesses and evidence "consisted of the testimony of prostitutes, thieves, drug users, and felons of other descriptions," and specifically challenges the validity of eyewitness identification of Martin as the killer. Martin also attempts to challenge the weight of the DNA evidence, claiming that it "proved very little." The Court of Appeals of Virginia denied Martin's direct appeal, which raised the same claim, on the merits.

The Court of Appeals of Virginia reviewed the evidence in the light most favorable to the Commonwealth and granted to it "all reasonable inferences fairly deducible therefrom," and found that Martin "provided only an inconsistent and illogical explanation of the events of that night."

9

The Court of Appeals determined that the victim possessed a large amount of cocaine and a large roll of money, that Martin took the victim into an alley under pretense of giving him a car, and that a woman observed the victim bleeding in the street only to be stabbed again by a man later identified as Martin. The Court of Appeals also determined that Martin ran back to his get-away car, jumped in and said, "Go, go, go ... they chasin' me," and that Martin was then driven to the home of Johnny Cabell where Martin said that "he needed to get outta town." The Court of Appeals further determined that foreign DNA matter was found under the victim's right fingernails and that the DNA matter was positively identified as that of Martin. The Court of Appeals of Virginia concluded that the Commonwealth's evidence was "competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of first-degree murder."

Based on the evidence presented and viewing it in the light most favorable to the Commonwealth, I find that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. The adjudication on the merits by the Court of Appeals of Virginia was, therefore, not contrary to clearly established federal law. Furthermore, after a careful review of the transcripts and other portions of the record, I find that the Court of Appeals of Virginia's adjudication on the merits of Martin's claim was not based on an unreasonable determination of the facts. Therefore, this court must defer to the decision of the Court of Appeals. Accordingly, claim (8) must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 5th day of June, 2007.

/s/ Jackson L. Kiser
Senior U.S. District Judge

11